**WYATT, Appellant, v. STATE CIVIL SERVICE COMMISSION, Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 6235.   Decided December 1, 1959.

Nelson Lancione, Columbus, for appellant.

Mark McElroy, Atty. Genl., Michael Kouskouris, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By DUFFY, J.

John C. Wyatt was removed from his job as subdivision manager of the Belmont County subdivision office of the division of aid for the aged by the chief of the division and with the approval of the director of the department of public welfare on June 11, 1958, after having served as subdivision manager of the Belmont County office from September 1, 1949.   His position and status was protected by the so-called civil serv-

ice laws and the reasons for the discharge were given in the Order of Removal, as follows:

"The reason for this discharge is that you have been guilty of insubordination, inefficiency, incompetency, neglect of duty, misfeasance, malfeasance and non-feasance in office in the following particulars, to-wit:

"You were insubordinate in that you refused to accept an assignment to temporarily act as Subdivision Manager in Erie County.

"You were incompetent and inefficient in that in the exercise of your supervisory duties you were arbitrary and dictatorial in dealing with your associates and therefore were unable to secure their cooperation.

"You were inefficient and guilty of neglect of your duties in that you delayed unreasonably the completion of cases.

"You were guilty of neglect of your duties in that you were absent from your office without explanation.

"You failed to obey orders of the Field Representative. You failed to hold regularly scheduled conferences with your staff although you were instructed on many occasions to hold such conferences.

"You were inefficient in that you failed and neglected to properly discharge the duties of your position in handling the work required of your position promptly and properly. Further, you showed a spirit of independence in attitude toward administrative superiors and Division policies. (You required more supervision than other Subdivision Managers.)

"Further, you have not demonstrated the proper aptitude for the work of this position; you do not possess the requisite executive ability to properly direct subordinate personnel; you have dishonestly and corruptly falsified payroll and work reports to show you were on duty on days and at times when you were not in the office and falsely and fraudulently certified telephone bills and work reports to be true.

"Complaints have been verified by the personnel of the office of the abusive language you have used. Your language was not only abusive but crude and could be heard from out side of your immediate office. You have failed to assist the workers in organizing, constructive, progressive staff development; you fail to maintain office decorum, spirit of cooperation and friendliness in office; you are not respected by subordinates. You have been discourteous to the public and to the employees in the office."

An appeal was taken by John C. Wyatt to the civil service commission and after a hearing before the commission the following is the general entry of The State Civil Service Commission, dated September 2, 1958:

"After careful consideration of the evidence adduced at the hearing of the appeal of John C. Wyatt from the order of the Chief of the Division of Aid for the Aged, Department of Public Welfare, removing him from the position of 5018 Subdivision Manager III, Belmont County Office, the State Civil Service Commission affirmed the order of removal filed against him."

An appeal was then taken to the Court of Common Pleas, Franklin County, which court affirmed the decision of the civil service commission.

The charges against John C. Wyatt are nowhere found in the record or the transcript of testimony taken before the civil service commission of Ohio. The certification of records from the civil service commission to the Court of Common Pleas did contain a copy of the order of removal; and the transcript of testimony before the commission shows that the state abandoned the charges found in the sixth and seventh paragraphs of the Order of Removal that "You required more supervision than other Sub-division Managers," and "you have dishonestly and corruptly falsified payroll and work reports to show you were on duty on days and at times when you were not in the office and falsely and fraudulently certified telephone bills and work reports to be true."

The assignments of error listed by the appellant for consideration of this court are as follows:

1. The order appealed from must be set aside for failure to recite any findings upon which it is based or to support its conclusion.

2. There are no proper charges in the record to support appellant's dismissal from his job in the classified civil service of Ohio.

3. Appellee committed reversible error in the admission of evidence.

4. The order of appellee is not in accordance with law and is not supported by reliable, probative, and substantial evidence, and the Common Pleas Court erred in finding to the contrary.

It is probably true that the proceedings before the civil service commission do not contain a copy of the charges placed against John C. Wyatt, but all procedural steps necessary to vest jurisdiction in the state civil service commission had been taken and while it is proper, customary and advisable to read those charges into the record, it is not fatal to the hearing to neglect to do so since both the employee and the civil service commission had by law been appraised of the charges against the employee. Since there was a deletion of the most serious charges against the employee, and since the charges were numerous, the better procedure for the civil service commission to have followed would have been to recite the findings upon which it based its support of the affirmance of the order of removal made by the division of aid for the aged.

Having reviewed the transcript of the proceedings before the civil service commission and the exhibits presented, we feel that there is a great deal of evidence that the removal was politically inspired.

Appellant's exhibit "I" shows that he was asked to take a 90 day temporary assignment as Subdivision Manager of the office in the distant county of Erie, and a refusal to authorize living expenses at the new headquarters during the temporary duty. Appellant's exhibit "M" shows an attempt to transfer John C. Wyatt to Seneca County as the subdivision manager, and stated as the reason for the transfer—"we are unable to locate a satisfactory subdivision Manager in Seneca County and since we do have available a qualified and experienced applicant to take over the Subdivision Manager position in Belmont County." These are indications that John C. Wyatt was qualified as a subdivision manager and lend further support to the argument that the attempted transfers were politically inspired.

Taking the record as a whole, we do not feel that the evidence

594

presented, along with the failure of the state to present any evidence on the more serious charges of the division as to the appellant having "dishonestly and corruptly falsified payroll and work reports * * * and falsely and fraudulently certified telephone bills and work reports * * *," presented grounds for an affirmance of the order of removal by the civil service commission; and we do not feel that the record shows that reliable, probative and substantial evidence was presented to support the order of removal. The order of affirmance by the civil service commission will be reversed and the case remanded for further proceeding in accordance with law.

BRYANT, PJ, concurs.
MILLER, J, not participating.